# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 18, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * | | |
| PAULA BEYERL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-32V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * | | |

Robert George Rose, Bosson Legal Group, PC, Fairfax, VA, for petitioner.
Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On January 10, 2020, Paula Beyerl ("petitioner") filed a pro se petition in the National Vaccine Injury Program[2] alleging that as a result of an influenza ("flu") vaccine administered on January 10, 2017, petitioner developed coronary artery spasms. Petition at 1 (ECF No. 1). Petitioner subsequently retained legal counsel and filed an amended petition on December 2, 2020, alleging that she suffered pericarditis, coronary artery spasms, angina, paroxysmal supraventricular tachycardia ("PSTV"), temporary atrial fibrillation ("AFib"), and/or chest pain resulting from the adverse effects of a flu vaccination received on January 10, 2017. Amended ("Am.") Petition at 1 (ECF No. 41).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On July 7, 2021, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on her case. Petitioner's Application for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed July 7, 2021 (ECF No. 55). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $35,416.00
**Attorneys' Costs** – $3,682.51

Petitioner thus requests a total of $39,098.51. Respondent filed his response to petitioner's application on July 21, 2021, stating that he "respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorney's fees and costs." Respondent's Response to Pet. Mot., filed July 21, 2021, at 4 (ECF No. 58).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards **$37,327.71** in attorneys' fees and costs.

## I.  DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where petitioner's counsel filed a Motion to Withdraw.

### A.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

2

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).   Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).   It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).   Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.   Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).   Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."   Saxton, 3 F.3d at 1521.

1.      **Hourly Rates**

Here, petitioner requests the following hourly rates for the attorneys and paralegals from the firm who worked on this matter:

**Robert G. Rose – Attorney**
    2020-2021: $360.00

**Timothy P. Bosson– Attorney**
    2020-2021: $375.00

**Paralegals**
    2020-2021: $115.00

Mr. Rose has three cases in the Vaccine Program and first began his work on vaccine cases in 2020.   Pet. Mot., Exhibit ("Ex.") 18 at 2.   Mr. Rose has been practicing law for over ten (10) years since he was admitted to the Virginia State Bar on March 4, 2011.   Id. at 1.   In 2020, Mr. Rose began working with Bosson Legal Group, PC, practicing primarily general civil litigation with an emphasis on personal injury and employment matters.  Id. at 2.   The Bosson Legal Group, PC is located in the Washington DC metropolitan area specifically, Fairfax, Virginia, with a satellite office in Leesburg, Virginia.  Id. at 3.   The 2021 OSM Attorneys' Forum Hourly Rate Fee Schedule compensates attorneys with 8-10 years of experience in practice at an hourly rate in the range of $325-$414.   The undersigned finds Mr. Rose's rate

reasonable based on his legal experience and forum rates. Therefore, the undersigned will award the requested rate in full.

Mr. Bosson was involved in the initial intake with petitioner and entered his appearance because Mr. Rose was not yet admitted to the U.S. Court of Federal Claims. Pet. Mot., Ex. 18 at 3-4. Mr. Bosson has been practicing law for close to fifteen (15) years and is a Managing Partner at The Bosson Legal Group, PC. Id. at 4. He practices civil litigation and has trial experience in state and federal courts. Id. The 2021 OSM Attorneys' Forum Hourly Rate Fee Schedule compensates attorneys with 11-19 years of experience in practice at an hourly rate in the range of $355-$444. The undersigned finds Mr. Bosson's rate reasonable based on his legal experience and forum rates. Therefore, the undersigned will award the requested rate in full.

The undersigned finds the rates requested for petitioner's attorneys' paralegals reasonable and will award the requested rate in full.

### 2. Reduction of Billable Hours

The undersigned has reviewed the hours billed and determines that a reduction in the hours billed is appropriate.

#### a. Block Billing

Almost all of petitioner's attorneys' fees requests are grouped together in block billing. It is well-established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed. Block-billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. Broekelschen v. Sec'y of Health & Hum. Servs., 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees for block-billing); see also Jeffries v. Sec'y of Health & Hum. Servs., 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Hum. Servs., 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. Apr. 23, 1997). Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."

#### b. Administrative Work

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (legal assistant services that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fee rates"). Clerical and secretarial work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. See Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  Doe/11 v. Sec'y of Health & Hum. Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)).  "It is the nature of the work, not the title or education of the person performing it, that determines whether it is legal, paralegal, or secretarial/clerical in nature."  Id.  Paralegal tasks include preparing and filing exhibits and exhibit lists, and assembling trial notebooks.  Mostovoy, 2016 WL 720969, at *5.

Mr. Rose and Mr. Bosson billed for performing administrative tasks such as filing documents, preparing and filing exhibits and exhibit lists, and organizing and indexing exhibits.  For example, on October 26, 2020, Mr. Rose billed 9.7 hours, which included, "Organizing, labeling, and resizing of exhibits; Revision of Exhibit List."  Pet. Mot., Ex. 21 at 7.  The Vaccine Program does not permit billing for administrative tasks.  Rochester, 18 Cl. Ct. at 387.  As such, these entries are non-compensable.  Further, many entries constituted block billing and contained both compensable and non-compensable administrative tasks such as filing.

### c.     Non-Compensable Billing

The Vaccine Act limits the recovery of "reasonable attorneys' fees, and other costs" to those "incurred in any proceeding" on a vaccine petition.  § 15(e)(1)(A)-(B).  Time spent learning about the Vaccine Program is not compensable.  See, e.g., Matthews v. Sec'y of Health & Hum. Servs., No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016); Calise v. Secretary of Health & Hum. Servs., No. 08-865V, 2011 WL 2444810, at *5 (Fed. Cl. Spec. Mstr. June 13, 2011) (reducing petitioner's counsel's billings for "research into the elementary principles of vaccine litigation," noting "basic education [is] not compensable under the Program"); Carter v. Sec'y of Health & Hum. Servs., No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007) ("[A]n inexperienced attorney may not ethically bill his client to learn about an area of the law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task.").

On August 25 and September 3, 2020, Mr. Rose billed for time to "Review of rules regarding admission, and draft of application and supporting documentation" and "Completion and submission of application for admission to the Court of Federal Claims."  Pet. Mot., Ex. 21 at 3-4.  Time spent preparing and applying for admission to the United States Court of Federal Claims Bar is not compensable.  See, e.g., Phann v. Sec'y of Health & Hum. Servs., No. 17-1125V, 2019 WL 5098972, at *2 (Fed. Cl. Spec. Mstr. July 23, 2019); Raymo v. Sec'y of Health & Hum. Servs., No. 11-654V, 2016 WL 7212323, at *24 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), mot. for rev. denied, 129 Fed. Cl. 691 (2016) (stating the special master did not abuse her discretion when reducing fees for admission to the United States Court of Federal Claims Bar).

Additionally, on September 11, 2020, Mr. Rose billed 5.2 hours for "Review of Guidelines for Practice under the National Vaccine Injury Compensation Program; Draft emails to vaccine attorney in North Carolina who had influenza/pericarditis case; Meeting with vaccine attorney to discuss case, including exhibits, expert reports, timeline, and various other aspects of

5

case; Review and reply to Special Master's law clerk regarding motion to substitute counsel." Pet. Mot., Ex. 21 at 5.   As such, these entries are non-compensable.

### d. Excessive Billing Entries

The undersigned has previously found it reasonable to reduce the fees paid to petitioners due to excessive billing and intra-office communication.  See Tetlock v. Sec'y of Health & Hum. Servs., No. 10-56V, 2017 WL 5664257, at *4 (Fed. Cl. Spec. Mstr. Nov. 1, 2017) (reduced counsel's overall fee award due to billing for excessive email correspondence with the client and with each other); see also Ericzon v. Sec'y of Health & Hum. Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced counsel's overall fee award by 10 percent due to excessive and duplicative billing).

After carefully reviewing the billing records submitted with petitioner's motion, the undersigned finds that counsel billed for excessive intra-office communication.   Mr. Rose billed for "Meet with Mr. Bosson" on numerous occasions, for example, on September 1, 2, 8, 14, 2020; October 13, 2020; February 8 and 22, 2021; and March 8, 10, 11, 15, 2021.   Pet. Mot., Ex. 21 at 4-5, 10.

**Given the billing for becoming a member of the Court, for learning about the Vaccine Act, and due to the extent of the excessive billing, billing for administrative tasks, and block billing in Mr. Rose's and Mr. Bosson's timesheets, the undersigned reduces the overall award for attorneys' fees by five (5) percent.**

### B. Attorneys' Costs

### 1. Expert Fees

Petitioner requests $2,600.00 for work performed by cardiologist Robert Stark, M.D., which was a total of 6.5 hours, billed at an hourly rate of $400.00; including a $2,000.00 retainer already paid to Dr. Stark.   Pet. Mot., Ex. 24 at 1.

Dr. Stark has previously been awarded $350.00 per hour for his Vaccine Program work. See, e.g., Druery v. Sec'y of Health & Hum. Servs., No. 17-1213V, 2020 WL 5743105, at *5 (Fed. Cl. Spec. Mstr. Aug. 17, 2020); Bourche v. Sec'y of Health & Hum. Servs., No. 15-232V, 2018 WL 7046894, at *3 (Fed. Cl. Spec. Mstr. Dec. 19, 2018).   Dr. Stark's increased expert fee rate appears reasonable based on his qualifications and experience in the Vaccine Program. Therefore, the undersigned will award the requested fee in full.

Additionally, petitioner requests $337.50 for work performed by medicolegal consultant, Kim Shaftner, M.D., J.D., which was a total of 0.75 hours, billed at an hourly rate of $450.00. Pet. Ex. 24 at 4.   Petitioner has not provided background information for Dr. Shaftner, such as Dr. Shaftner's CV or qualifications; however, based on the circumstances of the case and the relatively little amount of time Dr. Shaftner spent reviewing petitioner's records, the undersigned will award the requested fee in full.

### 2. Miscellaneous Costs

Petitioner requests $745.01 to cover her attorneys' other miscellaneous expenses, including medical records, medical articles, processing fees, mailing and postage, and other expenses. Pet. Mot., Ex. 18 at 7. The undersigned finds these costs reasonable and well-documented, and awards them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsels as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 35,416.00 |
| Reduction of Attorneys' Fees: | - ($1,770.80) |
| Awarded Attorneys' Fees: | $ 33,645.20 |
| Requested Attorneys' Costs: | $ 3,682.51 |
| Awarded Attorneys' Costs: | $ 3,682.51 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 37,327.71** |

**Accordingly, the undersigned awards:**

> **A lump sum in the amount of $37,327.71, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Robert Rose.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.